BEACON FALLS RUBBER SHOE COMPANY *vs.* PHILIP PRATTE.

Bristol.    October 23, 1905. — January 3, 1906.

Present: KNOWLTON, C. J., LATHROP, LORING, BRALEY, & SHELDON, JJ.

*Sale*, Rescission.    *Replevin*, Of goods alleged to have been procured by false and fraud-
ulent representations to a mercantile agency.    *Practice, Civil*, Agreed statement
of facts.

In an action of replevin for goods sold by the plaintiff to the defendant on a credit
alleged to have been procured by false and fraudulent representations made by
the defendant to a mercantile agency, it appeared that the defendant made a
false statement of his condition to the agency, stating surplus assets of $4,900,
which a year and a half later the agency at the request of the plaintiff sent to
him with the following comment: " Figures cannot be fully corroborated and are
generally believed liberal.  Carries a small bank balance, asks no accommoda-
tion and is reported as meeting obligations promptly.  An estimate of about
$1,000 for net worth is called conservative."  It was agreed that " the plaintiff's
credit man would, if competent, testify that he relied upon the statements in
extending the credit asked for, but whether he did so rely or rely solely thereon
is to be determined by the court from all the facts."  The judge to whom the
case was submitted on an agreed statement of facts, with power to draw infer-
ences, found against the plaintiff.  *Held*, that this finding could be justified
either on the ground that the credit man did not rely on the statement, or that
he had no right to rely upon it because made so long before the plaintiff sold
the goods; and *semble* that the comment made by the agency was enough to
put the plaintiff on his guard.

LATHROP, J.    This is an action of replevin of certain goods,
sold by the plaintiff to the defendant in June, 1903, and in the
fall of that year.    The case was submitted to the Superior Court
on an agreed statement of facts, with power to draw inferences.
The judge found for the defendant, with an order for the return
of the goods, and we assume for the purposes of the case that a
judgment was entered accordingly, though this does not fully
appear.    The case is before us on the plaintiff's appeal.

The plaintiff seeks to maintain the action on the ground that
it sold the goods relying upon false and fraudulent representa-
tions made by the defendant to Dun's Mercantile Agency and
communicated to the plaintiff.

It appears from the agreed statement of facts that the defend-
ant in December, 1901, made a false statement of his condition
to the agency, stating surplus assets of $4,900, and that on

June 11, 1903, the agency sent to the plaintiff at its request a copy of this statement with the following comment thereon: "Figures cannot be fully corroborated and are generally believed liberal.   Carries a small bank balance, asks no accommodation and is reported as meeting obligations promptly.   An estimate of about $1,000 for net worth is called conservative."

It was agreed that "The plaintiff's credit man would, if competent, testify that he relied upon the statements in extending the credit asked for, but whether he did so rely or rely solely thereon is to be determined by the court from all the facts." Here was a fact to be determined by the judge of .the court below.   It was a necessary part of the plaintiff's case to show that the plaintiff's agent relied upon these representations.

The judge has found against the plaintiff, and this finding may be justified either on the ground that the credit man did not rely upon the statement, or that he had no right to rely upon it, for the reason that the statement was made so long before the sales by the plaintiff.   *Macullar* v. *McKinley*, 99 N. Y. 353, 358.   Moreover the comment made by the agency was enough to put the plaintiff on its guard.

*Judgment for the defendant.*

*C. P. Ryan*, for the plaintiff.
*A. S. Phillips*, for the defendant.